UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **09-14344-CIV-MOORE/LYNCH**

KURTELL MEDICAL CENTER, LLC

    Plaintiff

vs.

FIDELITY NATIONAL INSURANCE COMPANY,

    Defendant
_____/

FILED by LH D.C.
ELECTRONIC

Oct. 7, 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## COMPLAINT

COMES NOW Plaintiff, KURTELL MEDICAL CENTER, LLC., (hereinafter Kurtell), by and through counsel, and sues Defendant, FIDELITY NATIONAL INSURANCE COMPANY, (hereinafter FIDELITY) and alleges:

### COMMON ALLEGATIONS

1. This is an action for damages that exceed $15,000.00, exclusive of interest, costs and attorney's fees.

2. Plaintiff is a Florida Limited Liability Company with a primary business office located in Indian River County, Florida.

3. At all times material, Defendant FIDELITY is an insurance company authorized to and doing business in the State of Florida.

4. All conditions precedent to the institution of this action have been complied with or have been waived.

5. At all times material hereto, Plaintiff was insured by FIDELITY under insurance policy #99-02137287-2004. This policy afforded flood insurance coverage to a medical office building owned and operated by the Plaintiff and located at 777 37th Street, Vero Beach, Florida. A copy of the declarations page is attached hereto as Exhibit "A" together with what Plaintiff believes to be a copy of the policy.

6. On or about September 5, 2004 and September 25, 2004, the above described location sustained flood damage due to Hurricane Frances and Hurricane Jeanne.

7. The Plaintiff timely and properly notified FIDELITY of the occurrence and otherwise complied with all conditions precedent contained in the policy or such conditions were waived, or otherwise excused.

8. After being notified of the flood damage claim, FIDELITY opened a claim file with respect to the subject flood incident. Thereafter, FIDELITY inspected the subject property and estimated the repair cost for the flood damage at $64,865.04. After applying a $500.00 deductible, FIDELITY determined that the value of the claims covered by the subject Fidelity policy was $64,365.04. A copy of the Fidelity flood damage estimate is attached hereto as Exhibit "B".

9. Acting on behalf of the Plaintiff building owner, a Public Adjuster prepared an independent estimate for the flood damage to the subject property. The Public Adjuster's damage estimate totaled $1,236,739.49. A copy of the Public Adjuster's damage estimate is attached as Exhibit "C".

10. Despite the disparity between the flood damage estimates, FIDELITY refused to increase the amount of its flood damage assessment. In fact, to date, FIDELITY has refused to pay any funds to the Plaintiff with respect to the flood claim, despite the acknowledgment, through its own repair estimate, that the Plaintiff has sustained covered damages of at least $64,365.04.

11. The Plaintiff and the Defendant failed to agree on the actual cash value of the damaged property so as to determine the amount of the loss covered by the subject policy. As a result, the Plaintiff demanded an appraisal. The appraisal terms are set forth under Section VII, General Conditions, Paragraph P, Appraisal, which states as follows:

> *If you and we fail to agree on the **actual cash value** of the damaged property so as to determine the amount of loss, either may demand an appraisal of the loss. In this event, you and we will each chose a competent and partial appraiser within 20 days after receiving a written request from the other. The two appraisers will chose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a Judge of a Court of record in the State where in the insured property is located. The appraisers will separately state the **actual cash value** and the amount of loss to each item. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of **actual cash value** and loss.*
>
> *Each party will:*
>
> *1. Pay its own appraiser; and*
> *2. Bear the other expenses of the appraisal and umpire equally.*

12. On August 8, 2006 and November 19, 2008, the Plaintiff demanded appraisal in accordance with the terms of the policy. A copy of the August 8, 2006 appraisal demand is attached hereto as Exhibit "D".

13. FIDELITY rejected both requests for appraisal. Copies of the rejection correspondence from FIDELITY are attached as Exhibit "E" and Exhibit "F".

14. FIDELITY'S last rejection of appraisal letter is dated January 20, 2009. That letter, which was sent to the Plaintiff's Public Adjuster, requested the appraisal demand in that:

> "The letter does not indicate what areas or issues are in dispute; consequently, until such time you clarify the issues in dispute, the request for Appraisal is rejected. (See Exhibit "F" )

15. In response, the Public Adjuster for the Plaintiff, sent FIDELITY a letter dated February 24, 2009, providing FIDELITY with the more detailed information and clarifying the issues in dispute as requested by FIDELITY'S letter of January 20, 2009. The sole issue in dispute was the value of the claim. ("Exhibit "G")

16. To date, FIDELITY still refuses to submit the disputed damage value of this issue to appraisal.

17. FIDELITY'S January 20, 2009 letter references a claim denial dated October 10, 2008. While Plaintiff is not in possession of any claim denial with that or any other date, pursuant to the policy, the Plaintiff must initiate a lawsuit within 12 months of any denial in order to preserve Plaintiff's rights against FIDELITY. Moreover, this Court has jurisdiction over this dispute pursuant to the Flood Insurance Regulations issued by FEMA, the National Flood Insurance Act of 1968 as amended (42 USC Section 4001 et. seq., and Federal Common Law.)

## COUNT I
## DECLARATORY JUDGMENT/PETITION TO COMPEL APPRAISAL

18. Plaintiff repeats and realleges each and every allegation claimed in the common allegations section above, as if fully set forth herein.

19. This is an action to obtain judicial determination and declaration as to the parties respective rights and obligations under the Fidelity Policy issued by FIDELITY to the Plaintiff, and to compel Fidelity to participate in appraisal as required by the contract between the parties.

20. An actual and justiciable controversy has arisen and now exists relating to the parties' respective rights, duties and obligations under the Policy. In particular, the Plaintiff seeks a judgment declaring that the appraisal clause contained in the policy requires that the parties resolve their dispute as to the value of the claim pursuant to the appraisal process and procedures established by the policy.

21. This action for declaratory judgment is pursuant to the Federal Declaratory Judgment Act, 28 USC Section 2201 and Rule 57 of the Federal Rules of Civil Procedure, for the purpose of determining a question of actual controversy between the parties.

22. This action is currently ripe for adjudication.

23. Venue is proper in this Court pursuant to 28 USC Section 1391(a).

24. Based on allegations in this complaint, the Plaintiff seeks a judgment declaring that the appraisal clause in the subject policy found under VII, General Conditions, Paragraph P, requires that the parties participate in an appraisal to resolve the value of the claim described herein.

WHEREFORE, the Plaintiff respectfully requests that this Court:

a. Enter a judgment declaring that the parties failed to agree on the actual cash value of the damaged property so as to determine the amount of the loss, and;

b. That the parties should therefore participate in an appraisal wherein each party to this case will chose a competent and impartial appraiser within 20 days of this Court's Order, and;

c. Both appraisers will chose an umpire, and;

d. If the appraisers cannot chose an umpire within 15 days, this Court will select an umpire, and;

e. The appraisers will separately state the actual cash value and the amount of the loss to each item. If the appraisers submit a written report of an agreement to FIDELITY, the amount agreed upon will be the amount of the loss. If they fail to agree, the appraisers will submit their differences to the umpire. A decision agreed on by any two will set the amount of the actual cash value and loss, and;

f. For such further relief as the Court deems appropriate.

## COUNT II
## BREACH OF CONTRACT AGAINST FIDELITY

25. Plaintiff repeats and realleges each and every allegation claimed in the common allegations section above, as if fully set forth herein.

26. At all times material hereto, Plaintiff was covered under a flood insurance policy with the Defendant wherein the Plaintiff made full payments of premium as required by the contract. The insurance contract provided for flood insurance coverage, caused by a loss.

27. The Plaintiffs experienced a flood damage loss as described above. Plaintiff's loss was not excluded under the terms of the subject Policy, the damages to the Plaintiff's premise were covered by the subject policy.

28. The Plaintiff has furnished the Defendant with timely notice of the loss and an estimate of repair expenses and all other applicable documentation for the Defendant to properly review the claim.

29. The Plaintiff has performed all conditions precedent to recovering under the policy, but Defendant has refused to pay the value of the loss, in violation of the contract between the parties. The Defendant is therefore in breach of the contract.

30. As a direct and proximate result of Defendant's breach of contract, the Plaintiff has sustained damages and has been required to retain the services of the below counsel.

WHEREFORE, Plaintiff sues Defendant for breach of contract, for interest, for costs and for such further relief as the Court deems appropriate.

BRENNAN & KRETSCHMER
Attorney for Plaintiff
1443 20th Street, Suite A
P.O. Box 520
Vero Beach, Florida 32961-0520
(772) 778-3777 (Telephone)
(772) 778-3835 (Facsimile)

By_____
H. Randal Brennan
Florida Bar No. 398934

JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.

**I. (a) PLAINTIFFS**
KURTELL MEDICAL CENTER, LLC

**DEFENDANTS**
FIDELITY NATIONAL INSURANCE COMPANY

**(b)** County of Residence of First Listed Plaintiff: Indian River
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Pinellas
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
H. Randal Brennan, Esquire
Brennan & Kretschmer
P.O. Box 520
Vero Beach, Florida 32961-0520

Attorneys (If Known)
**09-14344-CIV-MOORE/LYNCH**

(d) Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☒ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☒ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | FILED by LH D.C. ELECTRONIC | ☐ Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | | ☐ Freedom of Information Act |
| ☐ 240 Torts to Land | / ☐ 530 General | **IMMIGRATION** | | ☐ Appeal of Fee Determination |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 462 Naturalization Application | Oct. 7, 2009 | Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities Employment / ☐ 540 Mandamus & Other | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities Other / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | STEVEN M. LARIMORE CLERK U.S. DIST. CT. S.D. OF FLA. - MIAMI | |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S).**
(See instructions second page):
a) Re-filed Case ☐ YES ☒ NO   b) Related Cases ☐ YES ☒ NO
JUDGE                             DOCKET NUMBER

**VII. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
Federal 42 USC § 4001 Flood Insurance Coverage Dispute
LENGTH OF TRIAL via 1 days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD
DATE 10/7/09

FOR OFFICE USE ONLY
AMOUNT $350.00   RECEIPT # 235322   IFP